IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Robert M. Pierce, Jr., | ) Civil Action No.: 0:13-cv-3601-MGL |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ORDER AND OPINION** |
| | ) |
| Office Depot, Inc., | ) |
| | ) |
| Defendant. | ) |

Plaintiff Robert M. Pierce, Jr. ("Plaintiff") filed this action against his former employer, Office Depot, Inc. ("Defendant"), alleging claims for violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), breach of employment contract/wrongful discharge, and breach of contract accompanied by a fraudulent act. Defendant filed a partial motion to dismiss on April 8, 2014 seeking dismissal of the portions of Plaintiff's ADEA claim concerning alleged adverse employment actions in January 2010 and November 2011 on the basis that they are time barred. Defendant also seeks dismissal of both breach of contract claims for failure to state a claim as a matter of law. Plaintiff filed his response on April 25, 2014 (ECF No. 25) and Defendant filed a reply on May 5, 2014 (ECF No. 26). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for consideration. The Magistrate Judge has prepared a thorough Report and Recommendation and recommends that Defendant's motion be granted. (ECF No. 28.)

**STANDARD OF REVIEW**

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates such without a recitation. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The

responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

The Magistrate Judge recommends dismissal of Plaintiff's age discrimination claims concerning a 2010 reassignment and a November 2011 failure to promote because Plaintiff's April 2013 Equal Opportunity Commission ("EEOC") charge of discrimination was untimely as to each of these claims. (ECF No. 28 at 9.) The Magistrate Judge also recommends dismissal of Plaintiff's breach of contract/wrongful discharge and breach of contract accompanied by a fraudulent act claims because Plaintiff failed to overcome the presumption of at-will employment and to provide sufficient factual support for his breach of contract allegations. (ECF No. 28 at 9-16.) Following the Magistrate Judge's recommendation, the only remaining claims would be Plaintiff's age discrimination claims concerning the 2012 Failure to Promote and August 2012 Termination.

Plaintiff filed objections to the Report and Recommendation disagreeing with the Magistrate Judge's assessment of his age discrimination and breach of contract claims. (ECF No. 32.) Plaintiff argues that Plaintiff's January 2010 and November 2011 claims should not be dismissed as time barred because their discriminatory nature was not apparent until the occurrence of another discriminatory event. (ECF No. 32 at 5.) Plaintiff also disagrees with the Magistrate Judge's finding that the "Performance Improvement Process" ("PIP") and a corresponding 60-day improvement plan did not alter the employment-at-will status. Instead, Plaintiff maintains that the

PIP created a contractual obligation on the defendant. (ECF No. 32 at 7.)

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report, Plaintiff's objections, and Defendant's reply. Plaintiff's objections relate to his disagreement with the proposed disposition of his case and are little more than restatements of arguments and facts previously considered by the Magistrate Judge. The Magistrate Judge fully analyzed the circumstances of Plaintiff's 2010 reassignment and November 2011 failure to promote claims. The Magistrate Judge correctly determined that these incidents were each discrete discriminatory acts within the meaning of the Supreme Court's ruling in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) and its progeny. Accordingly, the "continuing violation" doctrine Plaintiff seeks to invoke does not apply to these acts to save these otherwise untimely claims. *See Holland v. Washington Homes, Inc.*, 487 F.3d 208 (4th Cir. 2007) ("Plaintiff cannot benefit from the continuing violations theory because he has alleged discrete violations...we along with other courts have declined to extend the limitations periods for discrete acts of discrimination merely because the plaintiff asserts that such discrete acts occurred as part of a policy of discrimination."(internal citations and quotation marks omitted)).

The Magistrate Judge also fully considered Plaintiff's argument that the PIP process established a contract that changed the at-will employment status. It is clear that the Magistrate Judge carefully considered the plain language of the PIP and its disclaimers, incorporated into Plaintiff's amended complaint, to conclude that the PIP did not contain mandatory language sufficient to alter the presumption in South Carolina of an at-will employee relationship. Plaintiff continues to argue that the PIP mandated continued employment during the employment improvement time period but in actuality, the PIP provides just the opposite in expressly stating that

"designation of a PIP period *is not* a guarantee of employment for the specified period of time." (ECF No. 20-4 at 1) (Emphasis added). The Court finds no error in the Magistrate Judge's consideration and agrees with her conclusion as Plaintiff has not set forth sufficient factual allegations to establish a plausible claim for breach of contract and that an employment contract beyond the at-will relationship existed. *See Perrine v. G4S Secure Solutions (USA), Inc.*, No. 2:11-1210-RMG, 2011 WL 3563110, at *2 (D.S.C. 2011) ("[I]n order to survive a Rule 12 motion to dismiss on a claim for breach of a contract of employment, a Plaintiff must "plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship." (internal quotations and citations omitted)). Plaintiff's objection is without merit and his claims for breach of contract and breach of contract accompanied by a fraudulent act must be dismissed.

## CONCLUSION

After a thorough review of the Report and Recommendation, Plaintiff's objections, Defendant's reply, the record, and the applicable law, the Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. Therefore, it is ORDERED that Defendant Office Depot, Inc.'s Partial Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 23) is GRANTED and Plaintiff's age discrimination claims concerning the 2010 Reassignment and November 2011 Failure to Promote are hereby DISMISSED. This action is recommitted to the Magistrate Judge for further pretrial handling.

IT IS SO ORDERED.

s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
November 18, 2014